PEOPLE v. CORNELL.

(Supreme Court, Appellate Division, Fourth Department.   May 6, 1908.)

LIBEL—SCOPE OF ARTICLE—CRIMINAL PROSECUTION—EVIDENCE.
    The article published by defendant in opposition to the candidacy of
    Judge S., for an appointive office, after charging that he had been a per-
    sistent office seeker, and dictatorial in the exercise of political power, stat-
    ed that he had been county judge for a long time; that during that time "he
    has shown a pitiful and most miserable lack of conception of the dignity
    and nobility of judicial position"; that during his tenure of judgeship
    his chambers had been used for political headquarters, and then proceed-
    ed to state things that had been done at his chambers.   Held, that the
    quoted charge was a general one, and not limited to what followed; so
    that defendant, on a prosecution for the article, was not limited to proof
    of what happened at chambers to show the truthfulness of the charge,
    but might show acts of S. while on the bench in the courthouse.
        McLennan, P. J., dissenting.

Appeal from Trial Term, Oswego County.

Frank M. Cornell was convicted of libel, and appeals.   Reversed,
and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

Frederick G. Spencer and Udelle Bartlett, for appellant.
W. B. Baker, Dist. Atty., for the People.

SPRING, J.   The appellant was the editor and proprietor of the
Fulton Patriot, a newspaper published in the city of Fulton, Oswego
county, in January, 1906, and for some time preceding.   Early in
1906 it was currently reported that Merrick Stowell, county judge and
a prominent citizen or said county, was an applicant for the important
position of State Commissioner of Excise, which was soon to be
filled by the Governor of the state.   Judge Stowell had long been ac-
tive in the management of Republican politics in the county, and quite
naturally had engendered considerable bitter opposition among par-
tisans disagreeing with him.   A political organization of the county
bearing the name of the Roosevelt Republican League comprised mem-
bers opposed to Judge Stowell, and they held a meeting in the city of
Oswego January 12, 1906, at which the candidacy of Judge Stowell
was discussed, and resolutions adopted animadverting severely upon
his political activity, and especially while holding the office of county
judge, and protesting against his selection for the state office men-
tioned.   The defendant was present at this meeting, participated in the
discussions which were had, and at the request of some of the members
published the resolutions in his newspaper, and the papers containing
them were generally circulated among the citizens of the county, and
he has been indicted and convicted of libel for their publication.   We
do not intend to discuss the facts or questions involved, except only
so far as deemed essential to enable us to pass upon certain rulings
of the court, which, we believe, call for a reversal of the judgment.

The article published is lengthy, and is set out in full in the in-
dictment.   The part which is now pertinent reads as follows:

"He [Judge Stowell] has been county judge of our county for thirteen years, and during that time he has shown a pitiful and most miserable lack of conception of the dignity and nobility of judicial position. During his tenure of the county judgeship, the County Court chambers have been used for political headquarters. They have been the gathering place for the ward and town politicians from all sections of the county. In them has been erected the political throne around which the time servers and political vassals have knelt and worshipped, and there they have either been blest or damned by the political master on the bench, according to the quality of their service. From this throne erected in judicial position, have been issued the orders that have run and controlled the political machinery of the county. The throng that has elbowed its way back and forth, to and from this throne, on and shortly before election day, has not added dignity to the bench because it could not be a credit nor give character to a towpath or lumber camp."

The court instructed the jury that the first sentence quoted was not, to use his language, "a general charge that Judge Stowell has shown a lack of conception of the dignity and nobility of his judicial position. It is a charge that he has shown that lack of conception of the dignity of that position because of what follows; because of his use of the County Court chambers; because of his relations with the district attorney; because of the persons that he has surrounded himself with, and that is all that it means." We think this too narrow a construction of the general language employed. The primary accusation is contained in the sweeping statement of the lack of appreciation of the judicial position which Judge Stowell held. The purpose of the article, as already noted, was to show the unfitness of Judge Stowell for the position of State Commissioner of Excise. It was charged that he had been persistent in seeking office, was arbitrary, dictatorial, and domineering in the exercise of political power. His judicial conduct is then impugned, and his failure to comprehend the dignity of the position he occupied is alleged, and specific instances are given illustrating the truth of the accusation. Upon the trial the defendant, who was endeavoring to prove the truthfulness of the charges, attempted to show acts of Judge Stowell while on the bench in the courtroom, which, it was claimed, would substantiate the accusation, and tend to show his unfitness for the office for which he was an aspirant. For instance, Judge Stowell presided at a term of the County Court at the courthouse of Oswego county in December, 1904. A lawyer named Mizen was in attendance and testified that he was called to the bench by Judge Stowell during a lull in the trial of a case, and a conversation ensued between them. The defendant attempted to show that Judge Stowell advised the witness to get a retainer from a prisoner confined in the jail, and who had been convicted by a justice of the peace acting in place of the recorder of the city, appeal from the judgment of conviction, and that he, the county judge, would release the prisoner and hold the conviction worthless on the ground that the magistrate lacked jurisdiction. The court excluded this proof, for the reason that the act was not committed at the judge's chambers, and was not one of those enumerated in the article published. There was other proof offered of acts claimed to have been committed by Judge Stowell while on the bench in the courthouse which may have tended to vindicate the truthfulness of the general charge already adverted to,

which was excluded for the reason mentioned, and proper exceptions were taken to the exclusion of all this evidence. We think proof of this character was fairly within the scope of the entire article and of the general charge quoted, and may have been important to enable the defendant to establish that he had accurately gauged the official conduct of Judge Stowell. If the defendant was able to show derelictions of Judge Stowell while on the bench, that proof supported the charge made, as well as infractions committed at chambers. The fact that defendant had stated one or two instances in vindication of the correctness of the accusation did not debar him, when its truth was challenged, from making proof of other delinquencies of the judge when acting in his judicial capacity.

For these errors in excluding the testimony referred to and limiting the article in the manner mentioned, the judgment should be reversed and a new trial granted.

Judgment reversed, and a new trial granted. All concur, except McLENNAN, P. J., who dissents.